IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTH HARTLAND, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-495C |
| v. | ) | |
| | ) | (Judge C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties submit this Joint Preliminary Status Report.

a. Does the Court have jurisdiction over the action?

North Hartland, L.L.C., asserts jurisdiction pursuant to 28 U.S.C. § 1491(a)(1).

Defendant, the United States, questions the Court's jurisdiction to entertain this matter. The Assets Purchase Agreement upon which plaintiff relies for the basis of the Court's jurisdiction, Exhibit 1 to the complaint, does not reflect that plaintiff was a party to that agreement. Although ¶ 10.7 of the Assets Purchase Agreement recognizes that Contech Development Company ("CDC"), the party with which the Government contracted pursuant to that agreement, will assign its rights pursuant to the agreement to "North Hartland, LLC" there are at least two entities with that

name that figure in this case: (1) a New Hampshire entity that was dissolved in 2002, was reinstated in December 2004, as "Vermont Generating, LLC," and was subsequently renamed "North Hartland, LLC"; and (2) a Virginia entity. The Government questions whether plaintiff, which alleges that is a "company organized under the laws of Virginia," is an entity to which CDC assigned its rights pursuant to the Assets Purchase Agreement and, if so, whether plaintiff retains any of those rights.

b. Should the case be consolidated with any other case and the reasons therefor?

The case should not be consolidated with any other case.

c. Should the trial of liability and damages be bifurcated and the reasons therefor?

The trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefor?

Further proceedings in this case should not be deferred pending consideration of any other case before this Court or any other tribunal.

e. Will a remand or suspension be sought and the reasons therefor and the proposed duration?

A remand or suspension will not be sought.

f. Will additional parties be joined?

Additional parties will not be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?

Neither party, at this time, intends to file a motion pursuant to RCFC 12(b), 12(c), or 56. Defendant intends to file such a motion if discovery uncovers evidence supporting such a motion. In that case, defendant proposes August 31, 2007, one month after the date for the end of fact discovery proposed in the discovery plan proposed below, as the deadline for filing such a motion.

h. What are the relevant factual and legal issues?

Relevant Factual And Legal Issues From Plaintiff North Hartland's Perspective:

1. The terms and duties of Plaintiff Buyer and Defendant United States Seller [Rural Utilities Service of the U.S. Department of Agriculture] under the 1999 Asset Purchase Agreement, and whether this Contract and defendant's conduct afford plaintiff buyer causes of action for: (a) breach of contract; and (b) breach of common law covenants with express terms of good faith and fair dealing

including tortious interference with buyer's standing with state and Federal regulatory agencies.

2. Whether these causes of action mandate compensatory and consequential damages, including lost opportunity damages, for Plaintiff over the alleged delays between 1999 and 2005 in the Seller United States acting to close on the contract and sell the power plant assets to plaintiff for the contract price of $1.4 million?

3. Whether the Seller United States contract breach and alleged failure to undertake best efforts and exhibit good faith to close on the asset sale, thereby estopp or disqualify the defendant United States from invoking Contract language suggesting that plaintiff must bear its own project management and legal fees expended from 1999 through 2005 seeking to close on the asset sale contract?

Defendant identifies the following factual and legal issues:

1. Whether the Court possesses jurisdiction to entertain this action, given that the parties to the Assets Purchase Agreement that plaintiff invokes as the source of the Court's jurisdiction, and that appears as Exhibit 1 to the complaint, are the United States and Contech Development

Company, LLC.

2. Whether Contech Development Company, LLC, validly assigned its rights pursuant to the Assets Purchase Agreement to plaintiff, and whether plaintiff retains any of those rights after a 2005 transaction involving Concord Hydro Associates, LLC.

3. Whether the Government breached the Assets Purchase Agreement in the manner described in the complaint.

4. Whether events not attributable to the United States were responsible for any delays to closing upon the Assets Purchase Agreement.

5. Whether plaintiff's "tortious interference" or "fraud and misrepresentation" claims are tort claims that the Court does not possess jurisdiction to entertain.

6. Whether Count 3 of the complaint, for fraud and misrepresentation, states a claim upon which the Court can grant relief.

7. Whether, if the Government is liable to plaintiff, plaintiff can recover and is entitled to any of the damages claimed in the complaint.

8. Whether the value of the hydroelectric plant referenced in paragraph 61 of the complaint would constitute

non-recoverable consequential damages.

9. Whether the value of the hydroelectric plant referenced in paragraph 61 is $9.5 million.

10. Whether the attorney, engineering, consulting, and project management fees referenced in paragraph 64(a) amount to $850,000.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties do not expect that this case can be settled, and do not expect that, at this stage, alternative dispute resolution will be productive. The parties, however, will continue to consider, during the course of discovery, the potential for resolving this case through alternative dispute resolution.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

At this time, the parties anticipate that the case will proceed to trial. The parties do not request an expedited trial scheduling, and request Washington, D.C. as the place for trial.

k. Are there special issues regarding electronic case management needs?

There are no special issues regarding electronic case

management needs.

l. Is there other information of which the Court should be aware at this time?

There is no other information of which the Court should be aware at this time.

Discovery Plan:

1. The parties propose July 31, 2007, as the deadline for fact discovery;

2. The parties propose October 1, 2007, as the deadline for the disclosure of experts' reports;

3. The parties propose November 30, 2007, as the deadline for the disclosure of experts' rebuttal reports;

4. The parties propose December 31, 2007, as the deadline for depositions or other discovery of experts.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
by s/Brian M. Simkin
MARK A. MELNICK
Assistant Director

/s/ John S. Lopatto III
JOHN S. LOPATTO III
1725 Eye St., N.W.
Suite 300
Washington, D.C. 20006
Telephone: (202) 861-5800
Facsimile: (202) 861-5802

Attorney for Plaintiff

December 4, 2006

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
HELEN HARRIS
Office of the General Counsel
Department of Agriculture

Attorneys for Defendant

December 4, 2006

Certificate of Filing

I hereby certify that on December 4, 2006, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.