IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTH HARTLAND, L.L.C., Plaintiff, | ) | No. 06-495C |
| v. | ) | (Judge C. Miller) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS

INTRODUCTION

Defendant, the United States, pursuant to Rule 37(a)(2)(B) of the Rules of the United States Court of Federal Claims ("RCFC"), applies for an order compelling plaintiff, North Hartland, L.L.C. ("North Hartland"), to complete its responses to our discovery requests.

STATEMENT OF FACTS

On December 28, 2006, we served upon North Hartland Defendant's First Set Of Interrogatories And First Set Of Requests For The Production Of Documents, by mail. (Appendix ("App.") 11. On February 9, 2007, we conferred by telephone with North Hartland's counsel regarding when to expect responses. App. 25. Counsel requested "ten days."

On February 14, 2007, we received a letter from North Hartland's counsel stating that it was working on its responses, and asking that we consent to the entry of a protective order. App. 12. On February 20, 2007, we wrote to North Hartland's counsel declining to do so, stating that we would respond to any

motion for a protective order that North Hartland filed. App. 16. We notified counsel that we would apply to the Court for an order compelling a response to our discovery request if we did not receive a response by February 23, 2007. Id.

On February 23, 2007, we received, not a response to our discovery request, but a letter from North Hartland's counsel advising us that North Hartland was "reviewing answers to [our] interrogatories for signature." App. 17. Counsel also accused us of delaying production of documents by not entering into a protective order. Id. Nevertheless, counsel advised us that North Hartland was, on February 28, 2007, mailing to us "approximately 28 sets of documents, with index," in response to our request for documents but, pending resolution of confidentiality issues, would not produce what it identified as "Doc. 21" and "Doc. 21." Id.

On February 28, 2007, we wrote to North Hartland's counsel reminding him that we would respond to any motion for a protective order that North Hartland might file, and that we expected North Hartland to produce what it regarded as "non-confidential" portions of Documents 21 and 22, along with explanations as to why other portions were confidential. App. 18. We explained that, in view of the apparent indication in his February 23, 2007 letter that answers to our interrogatories were forthcoming, we would wait until March 9,

2007, to apply to the Court for an order compelling a response to our discovery request. Id.

On March 6, 2007, 68 days after we served our discovery requests upon North Hartland, we received a response, but that response consisted of only an indexed set of documents, without any separate, written responses to our requests for the production of documents, without labeling and without any answers to our interrogatories. App. 19-22. The index indicated that North Hartland was withholding Documents 21 and 22. App. 22.

On March 20, 2007, we contacted North Hartland's counsel by telephone, and explained that, in order to avoid the necessity of our applying to the Court for an order to compel, North Hartland would have to answer our interrogatories, provide separate, written responses to our discovery requests, and produce Documents 21 and 22. On March 21, 2007, counsel wrote to us explaining that he would "be able to mail [] the remaining documents with answers to interrogatories on March 26, 2007, conditional only on receiving the final position on confidentiality from Concord-Hydro," a third party. App. 23. On March 23, 2007, we wrote to North Hartland's counsel notifying him that, to avoid the necessity of our having to apply to the Court for an order to compel, we expected him to arrange for us to receive the answers to interrogatories and the remaining documents, as well as separate, written responses to our requests

for production of documents, by March 27, 2007. App. 24. We still have not received that material.

DISCUSSION

We request that the Court enter an order that compels three categories of response to our December 28, 2006, Defendant's First Set Of Interrogatories And First Set Of Requests For The Production Of Documents. First, we apply for an order compelling North Hartland to answer our Interrogatories Nos. 1 and 2. We served those interrogatories upon North Hartland, by mail, on December 28, 2006. App. 2, 3, 11. Pursuant to RCFC 6(e) and 33(b)(3), North Hartland was required to have served its answers or objections to our interrogatories by January 30, 2007. We have still not received any answers or responses to our Interrogatories Nos. 1 and 2.

Second, we apply for an order compelling North Hartland to respond in writing to our Requests For The Production Of Documents Nos. 1 through 6 in a manner consistent with RCFC 34(b). That rule requires that a response address each category of documents requested and, unless the party produces documents as they are kept in the usual course of business, that the party label the documents to correspond with the categories in the request. See RCFC 34(b). We served our Requests For The Production Of Documents Nos. 1 through 6 upon North Hartland on December 28, 2006. App. 4-9, 11. Pursuant to RCFC 6(e) and

34(b), North Hartland was required to have served written responses or objections to those requests by January 30, 2007. Although we have received indexed documents in response to those requests, we have not received any written responses that specifically address the categories of documents requested or indicate that the documents have been produced as they are kept in the usual course of business, nor has North Hartland labeled the documents to correspond with the categories in the requests.

Third, we apply for an order compelling the production of what North Hartland has identified as "Document 21" and "Document 22," which, it indicates, it is withholding from its production "pending resolution of [a] protective order." App. 22. However, pursuant to RCFC 6(e) and 34(b), North Hartland was required to have objected to our document requests, or have sought an order protecting those documents, by January 30, 2007. Having failed to do so, North Hartland has waived any defense against producing those documents in their entirety. See Perry v. Golub, 74 F.R.D. 360, 363 (D. Ala. 1976).

Finally, pursuant to RCFC 37(a)(2)(B), we have, without success, conferred in good faith with North Hartland in an effort to secure responses without Court action (App. 16, 18, 24-25), and have, pursuant to RCFC 37(a), provided reasonable notice to North Hartland that we would apply for such an order. App. 16, 18, 24.

CONCLUSION

For the foregoing reasons, we request that the Court order North Hartland to answer our interrogatories, provide written responses to each of our requests for the production of documents, and produce "Document 21" and "Document 22."

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/Mark A. Melnick
by s/Donald E. Kinner
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0342
Fax: (202) 514-7965

OF COUNSEL
HELEN HARRIS
Department of Agriculture

April 2, 2007

Attorneys for Defendant

Certificate of Filing

I hereby certify that on April 2, 2007, a copy of the foregoing Defendant's Motion To Compel Responses To Discovery Requests was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail