APPENDIX TO DEFENDANT'S MOTION TO
COMPEL RESPONSES TO DISCOVERY REQUESTS

# INDEX TO APPENDIX

PAGE(S)

Defendant's First Set Of Interrogatories And First Set Of Requests For The Production Of Documents, Dec. 28, 2006 . . . . . . . . . . . . . . . . . . . . 1

Letter of John S. Lopatto, III, to Timothy P. McIlmail, Feb. 14, 2007 . . . . . . . . . . . . . . . . . . . . . . 12

Letter of Timothy P. McIlmail to John S. Lopatto, III, Feb. 20, 2007 . . . . . . . . . . . . . . . . . . . . . . 16

Letter of John S. Lopatto, III, to Timothy P. McIlmail, Feb. 23, 2007 . . . . . . . . . . . . . . . . . . . . . . 17

Letter of Timothy P. McIlmail to John S. Lopatto, III, Feb. 28, 2007 . . . . . . . . . . . . . . . . . . . . . . 18

Plaintiff’s First Response To Defendant's Request For Production Of Documents, Mar. 23, 2007 . . . . . . . . . . 19

Letter of John S. Lopatto, III, to Timothy P. McIlmail, Mar. 21, 2007 . . . . . . . . . . . . . . . . . . . . . . 23

Letter of Timothy P. McIlmail to John S. Lopatto, III, Mar. 23, 2007 . . . . . . . . . . . . . . . . . . . . . . 24

Certification of Timothy P. McIlmail Pursuant to Rule 37(a)(2)(B) of the Rules of the United States Court of Federal Claims, Mar. 28, 2007 . . . . . . . . . . . . . . 25

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTH HARTLAND, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-495C |
| v. | ) | |
| | ) | (Judge C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

FILE

DEFENDANT'S FIRST SET
OF INTERROGATORIES AND FIRST SET OF
REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33, and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, requests that plaintiff, North Hartland, L.L.C., answer each of the following interrogatories, in writing and under oath, and serve its answers within 30 days of the date of service of this request. Defendant also requests that plaintiff produce, within 30 days of the date of service of this request, the following requested documents at the United States Department of Justice, 1100 L. Street, N.W., Room 11052, Washington, D.C. 20530. In responding to these requests, plaintiff should be guided by the following instructions and definitions.

Interrogatory No. 1:

Identify the entities or persons to which or whom any rights pursuant to the Assets Purchase Agreement that is Plaintiff's Exhibit 1 to the complaint have been assigned.

Response:

Interrogatory No. 2:

For how much did plaintiff sell its purchase rights pursuant to the Assets Purchase Agreement in January 2005, as referenced in paragraphs 49 and 58 of the complaint?

Response:

Request for the Production of Documents No. 1:

All documents used to answer any of Interrogatories 1 or 2.

Response:

Request for the Production of Documents No. 2:

The January 2005 "Agreement for the Purchase and Sale Vermont Generating LLC Equity Interests" between North Hartland, LLC and Concord Hydro Associates, LP, including Exhibits A and B to that document, or any other document reflecting the transaction referenced in paragraph 58 of the complaint.

Response:

Request for the Production of Documents No. 3:

Any assignment of rights under the Assets Purchase Agreement that is Plaintiff's Exhibit 1 to the complaint, including any document reflecting the assignment alleged in paragraph 58 of the complaint.

Response:

Request for the Production of Documents No. 4:

All documents, such as invoices, bills, and cancelled checks, reflecting the "$850,000 of direct attorney, engineering, consulting, and project management fees" alleged in paragraph 64(a) of the complaint.

Response:

Request for the Production of Documents No. 5:

All documents reflecting a tabulation or calculation of the "$850,000 of direct attorney, engineering, consulting, and project management fees" alleged in paragraph 64(a) of the complaint.

Response:

Request for the Production of Documents No. 6:

All documents, such as any appraisal, valuation, quotation, advertisement, prospectus, or offer to purchase, reflecting that "[t]he assignee purchaser of the Vermont hydroelectric plant . . . can reasonably sell or 'flip' the hydro-electric asset for as much as $9.5 million," as alleged in paragraph 61 of the complaint.

Response:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

Mark A. Melnick / by William Ryan
MARK A. MELNICK
Assistant Director

Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL
HELEN HARRIS
Department of Agriculture

Attorneys for Defendant

December 28, 2006

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 28th, 2006, I caused to be placed in the United States mail (first-class postage prepaid) a copy of the foregoing "Defendant's First Set Of Interrogatories And First Set Of Requests For The Production Of Documents," addressed as follows:

JOHN S. LOPPATTO, III, Esq.
1725 Eye St., N.W.
Suite 300
Washington, D.C. 20006

Estelle M Brown

VIRGINIA OFFICE:
803 GIBBON STREET
ALEXANDRIA, VA 22314-4118
703-548 8254

JOHN S. LOPATTO III
ATTORNEY AT LAW
1776 K STREET, NW, SUITE 200
WASHINGTON, D.C. 20006-2365
202-861-5800 / FAX 202-861-5802 / E-MAIL: JLOPATTO3@AOL.COM

ADMITTED TO PRACTICE:
DISTRICT OF COLUMBIA
VIRGINIA
MARYLAND
PENNSYLVANIA

February 14, 2007

Timothy P. McIlmail
Attorney, Commercial Lit. Civil
U.S. Dept. Of Justice
1100 L St., N.W.
Mail Code: Classification Unit-8th Floor
Washington, D.C. 20540

By Fax to 202-514-7965

Re: North Hartland LLC v. United States/RUS, 06-CV-0495
U.S. Court of Federal Claims

Dear Counsel:

We are working on your document requests and interrogatories. The documents from the assignment to Concord Essex Hydro, who ultimately purchased the Vermont hydro plant, should be subject to a Protective Order. There is also a confidentiality provision in the agreement between North Hartland and Concord Essex.

The RCFC Form 8 Protective Order can be adapted to our needs at present. See attached.

Please confirm your consent to entry of this Protective Order so that I request the Court to sign and enter the Order.

Sincerely,

John S. Lopatto III
Attorney for North Hartland, LLC

Enclosure: Form 8 Protective Order

**FORM 8**
**PROTECTIVE ORDER IN PROCUREMENT PROTEST CASES**

# United States Court of Federal Claims

| | | |
|---|---|---|
| North Hartland LLC | ) | |
| Plaintiff, | ) | No. 06-CV-0495 |
| v. | ) | Judge C. Miller |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

PROTECTIVE ORDER

The court has determined that certain information that may necessarily be disclosed orally or in writing during this action may be competition sensitive (e.g., source selection information), proprietary, confidential, or otherwise protectable. To address these concerns, it is ordered that protected information, provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1. "Protected information" as used herein means:
   (a) information, the protection of which is necessary to safeguard the competition process, including source selection information, and proprietary or confidential information contained in any document (including any pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by any party to this litigation that is designated as protected by a party (see paragraph 3); and
   (b) information, the protection of which is necessary to safeguard the competitive process, including source selection information, and any proprietary or confidential information contained in any deposition, testimony, or affidavit taken or provided during this litigation that is designated as protected by a party (see paragraph 3).
2. Protected information shall be used by private parties solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.
   (a) Except as provided in paragraphs 2(c) and (d), the only persons who may be given access to protected information are (i) legal counsel for a party and (ii) independent consultants and experts assisting such counsel in connection with the litigation.
   (b) To be granted access to protected information, any such person shall first read this Protective Order and, if an attorney, execute a copy of the Application for Access to Information Under Protective Order by Inside or Outside Counsel (Form 9) or, if a consultant or expert, execute a copy of the Application for Access to Information Under Protective Order by a Consultant or Expert (Form 10). The party seeking to have such person granted access shall then provide a copy of the executed Application to each other party. Such person shall, without further action by the court, be permitted

access to protected information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the court. Such person shall not be given access unless and until the court authorizes such access.

(c) Paralegal, clerical, and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information if such personnel have first been informed by such counsel of the obligations imposed by this Protective Order.

(d) Court, procuring agency, and Department of Justice personnel are automatically subject to the terms of this Protective Order and are entitled to access to protected information, without further action.

3. Protected information of any kind may be provided only to the court and to individuals authorized by this Protective Order and must be in a sealed parcel with the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

(a) The first page of each document containing protected information is to be clearly marked as follows:

**Protected Information to Be Disclosed Only in Accordance With**
**U.S. Court of Federal Claims Protective Order**

The party claiming protection must identify the specific portion of the information for which it is claiming protection.

(b) Any courtesy copies of protected information that are filed with the court for use by the judge should be marked as such.

(c) The court will maintain properly marked protected pleadings or information under seal.

4. A party that files a pleading in accordance with paragraph 3 above shall promptly serve on each other party a proposed redacted copy of the pleading with the claimed protected information deleted and clearly marked "Proposed Redacted Copy" in the upper right-hand corner of the first page.

(a) Within two business days after receipt of the proposed redacted copy, the other parties shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide each party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy - May Be Made Public" in the upper right-hand corner of the page. During the two-day period, the proposed redacted copy shall be treated as protected. At the expiration of the two-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the court by the originating party.

(b) Any party at any time may serve on the other parties a proposed redacted copy of any document (other than a pleading, to which paragraph 4(a) applies) filed with the court or of any document produced or generated in discovery, whether or not filed with the court, and shall clearly mark the document in the manner provided above. The other parties shall respond promptly, advising the serving party of any additional redactions they require. The serving party shall proceed as provided in the last sentence of paragraph 4(a).

5. Any party may at any time object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the court for resolution. Until the court resolves this matter, the disputed information shall be treated as protected.

6. Without the consent of the other parties, no private party may make more than three (3) copies of any document containing protected information received from another party. Private parties may make additional copies for filing with the court, service on the parties, or use in discovery and may also incorporate limited amounts of protected information in their pleadings. All copies of such documents

and of pleadings referring to protected information shall be clearly labeled in the manner required by paragraph 3 of this Protective Order.

7. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

8. Upon conclusion of the action (including any and all appeals and remands), the original version of the administrative record and any other ancillary materials that have been filed with the court under seal shall be retained by the court pursuant to RCFC 77.3(d). Copies of such materials filed with the court other than the original version may be returned by the court to the filing parties for disposition in accord with the following paragraphs of this Protective Order.

9. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each private party shall (i) destroy all protected information and certify in writing to all parties that such destruction has occurred and/or (ii) return the protected information to the parties from which the information was received. Provided the documents are marked protected and are properly secured, counsel for each party may retain one copy of the unredacted pleadings.

10. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

11. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the court that sets forth the basis for the relief sought.

12. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

13. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the opposing party(ies). Upon discovery of any breach, plaintiff's, defendant's, or intervenor's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

____________________________

Judge

**U.S. Department of Justice**

Civil Division

DJ# 154-06-495
MAM:TPMcIlmail

Telephone: (202) 616-0342
Facsimile: (202) 514-7965

*Washington, D.C. 20530*

February 20, 2007

SENT VIA ELECTRONIC MAIL AND UNITED STATES MAIL

John S. Lopatto, III, Esq.
1725 Eye St., N.W.
Suite 300
Washington, D.C. 20006
JLopatto3@aol.com

Re: North Hartland, L.L.C. v. United States, No. 06-495C (Fed. Cl.)

Dear Mr. Lopatto:

We have received your February 14, 2007 letter requesting that we consent to the entry of a protective order in this case. We decline, at this time, to do so, and will respond to any motion for a protective order that plaintiff, North Hartland, L.L.C., might file in this case.

In addition, North Hartland's response to our December 28, 2006 Defendant's First Set Of Interrogatories And First Set Of Requests For The Production Of Documents is overdue. Pursuant to Rule 37(a) of the Rules of the United States Court of Federal Claims, we give notice that unless we receive a response to that request by February 23, 2007, we will apply to the United States Court of Federal Claims for an order compelling a response.

Thank you for your prompt attention to this matter.

Very truly yours,

Timothy P. McIlmail
Trial Attorney
National Courts Section

VIRGINIA OFFICE:
803 GIBBON STREET
ALEXANDRIA, VA 22314-4115
703 548-8254

# JOHN S. LOPATTO III

ATTORNEY AT LAW

1776 K STREET, NW, SUITE 200
WASHINGTON, D.C. 20006-2365
202-861-5800 / FAX 202-861-5802 / E-MAIL: JLOPATTO3@AOL.COM

ADMITTED TO PRACTICE:
DISTRICT OF COLUMBIA
VIRGINIA
MARYLAND
PENNSYLVANIA

February 23, 2007

Timothy P. McIlmail,
Trial Attorney-National Courts
U.S. Dept. Of Justice
1100 L St., N.W. Mail Code: Classification Unit-8th Floor
Washington, D.C. 20540

By Fax and U.S. Mail

Re: North Hartland LLC v. United States/RUS, 06-CV-0495, U.S. Court of Fed. Claims

Dear Counsel:

My client is reviewing answers to your interrogatories for signature. Your refusal to enter into a voluntary protective order on the North Hartland assignment documents to Concord Essex is unreasonable and will only delay this matter. There are confidentiality terms in the assignment contract between North Hartland and Concord Essex. We are in the process of notifying Concord Essex of your document request. Concord Essex has a right to stake out its own position in this litigation as to the confidentiality provision in the assignment documents.

We are producing approximately 28 sets of documents, with index, in response to your Requests for Production of Documents Nos. 1 through 6. These documents are being copied and will be mailed to you on Feb. 28, 2007. Pending resolution of the confidentiality portions of the assignment between North Hartland and Concord Essex, we identify the following documents that are not produced at this time:

Doc. 21: January 3, 2005: 90 day exclusivity agreement between Vermont Generating LLC and Essex Hydro Associates, LLC, for assignment of purchase rights of FERC Project P-2816;

Doc. 22: January 19, 2005: Agreement for Purchase and Sale, Vermont Generating, LLC Equity Interests, between North Hartland LLC of Virginia and Concord Hydro Associates, LP.

Sincerely,
John S. Lopatto III
John S. Lopatto III
Attorney for Plaintiff North Hartland LLC

**U.S. Department of Justice**

Civil Division

DJ# 154-06-495
MAM:TPMcIlmail

Telephone: (202) 616-0342
Facsimile: (202) 514-7965

*Washington, D.C. 20530*

February 28, 2007

SENT VIA ELECTRONIC MAIL AND UNITED STATES MAIL

John S. Lopatto, III, Esq.
1725 Eye St., N.W., Suite 300
Washington, D.C. 20006
JLopatto3@aol.com

Re: North Hartland, L.L.C. v. United States, No. 06-495C (Fed. Cl.)

Dear Mr. Lopatto:

Thank you for your February 23, 2007 letter. North Hartland was obliged to respond to, object to, or seek protection from, our December 28, 2006 Defendant's First Set Of Interrogatories And First Set Of Requests For The Production Of Documents, within the time provided by the Rules of the United States Court of Federal Claims ("RCFC"). It has not done so. Again, we will respond to any motion for a protective order that North Hartland might file.

We note that you are withholding "Documents 21 and 22" from documents that you are producing today, citing what you refer to as "confidentiality portions" of those documents. We expect that you will immediately produce what you regard as the non-confidential portions of those documents, along with explanations as to why the other portions are confidential.

You also appear to indicate that answers to our interrogatories are forthcoming. We will wait until March 9, 2007, to apply to the United States Court of Federal Claims for an order compelling a response to Defendant's First Set Of Interrogatories And First Set Of Requests For The Production Of Documents, but expect to apply for such an order if we do not receive a response to the entirety of that request by that date.

Thank you for your prompt attention to this matter.

Very truly yours,

Timothy P. McIlmail
Trial Attorney
National Courts Section

McMahon
McCllmail, +
11052

UNITED STATES COURT OF FEDERAL CLAIMS

RECEIVED
2007 MAR -6 A 11: 36
CASE PROCESSING UNIT
CIVIL DIVISION/OMI

| | |
|---|---|
| NORTH HARTLAND, LLC<br>PLAINTIFF | : |
| | : NO. 06-495-C |
| V. | |
| | JUDGE C. MILLER |
| THE UNITED STATES,<br>DEFENDANT | : |

## PLAINTIFF'S FIRST RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

In response to Defendant's First Set of Requests for Production of Documents Numbered 1 through 6, plaintiff submits the following documents with index, identified as Nos. 1 through 30.

Plaintiff is reviewing additional documents responsive to defendant's first document request. These documents are predominately in email form and are in the process of being printed out. Plaintiff will supplement the production made this day.

Respectfully submitted,

John S. Lopatto III

John S. Lopatto III, Member Bar U.S. Court of Federal Claims
1725 Eye St., N.W., Suite 300
Washington, D.C. 20006
202-861-5800
Attorney for Plaintiff North Hartland LLC

134-06-495
CA

Certificate of Service

I hereby certify that a copy of the foregoing Plaintiff's First Response to Defendant's Request for Production of Documents, with index and documents, was served on the following by deposit in the U.S. Mail on March 2, 2007:

Timothy McIlmail, Trial Atty.
U.S. Dept. Of Justice-Civil Division
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, D.C. 20530

John S. Lopatto III

# North Hartland v. RUS (United States)

## Index of Plaintiff's Document Production

1. November 2, 1981, Memo of Understanding: Federal Energy Regulatory Commission and the Department of the Army, 13 pages
2. May 5, 1983, FERC Order Approving Transfer of License, 52 pages
3. May 16, 1983, Memo of Agreement: Licensee and US Corp of Engineers, 51 pages
4. June 11, 1997, U.S. Bankruptcy Court, Case No. 96-10335, Order on Stipulated Settlement, 54 pages
5. April 28, 1998, RFP North Hartland Hydroelectric Plant Proposal, 37 pages
6. June 16, 1998, Contech Purchase Offer, 14 Pages
7. July 24, 1998, Contech Clarifications sent to U.S.D.A., 8 pages
8. February 25, 1999, Notice Contract for Sale and Purchase of North Hartland Project, 5 pages
9. September 28,1998, USDA-RD Offer Acceptance Letter to Contech, 2 pages
10. May 26, 2000, North Hartland, LLC, Notice of Self-Certification, 9 pages
11. December 16, 1999, Assets Purchase Agreement, 18 Pages
12. June 27, 2000, FERC Order Approving Transfer of License, Project 2816-007, 4 pages
13. March 27, 2001, Stipulation to Vermont DPS with August 19, 2002 Cover Memo from Matthew Troy, DOJ, to Robert Carey Jr., 10 pages
14. November 25, 2002, Letter from North Hartland to M. Troy of DOJ to Adjust Purchase Price, 2 pages
15. September 24, 2004, McCracken Letter to FERC, Re: Project P-2816-007, 3 pages
16. October 3, 2004, WPS Energy Services Inc. Plan to Purchase Electricity from North Harland, 6 Pages
    [Not produced at this time pending resolution of protective order]

17. October 25, 2004, Curtis Anderson, RUS, Letter to North Hartland Rejecting Oct. 3, 2004 Proposal, 2 pages

18. January 19, 2005, FERC, Project No. 2816-0131, North Hartland Motion for Reconsideration and Reopen Record, 12 Pages

19. Feb. 11,2003, State of Vermont Public Service Board, Order in Docket No. 6415, Petition of Gleb Glinka and Petition of North Hartland.

20. January 21, 2005, Vermont Generating LLC (formerly North Hartland LLC of N.H.) Letter electing Richard A. Norman as managing member of Vermont Generating, LLC.

21. January 3, 2005: 90 Day Exclusivity Agreement between Vermont Generating LLC and Essex Hydro Associates, LLC to assign purchase rights over FERC Project P2816.
[Not Produced at this time pending resolution of protective order].

22. January 19, 2005: Agreement for Purchase and Sale Vermont Generating, LLC Equity Interests
[Not Produced at this time pending resolution of protective order].

23. Nov. 1, 2004 Letter from Robert Carey, Sr. To Hilda Legg, Administrator, RUS

24. Email printed, Nov. 18, 2004 from John J. McCraken, Jr., RUS ,to Robert Carey, Sr.

25. October 25, 2004 letter from Curtis Anderson, RUS, to Robert L. Carey, Jr., North Hartland LLC

26. Email printed, Dec. 14, 2004, from Robert L. Carey Jr. To Curtis Anderson, RUS

27. Email printed and reply, December 15,2004 from John McCracken, RUS, to Mr. Carey; with Dec. 15,2004 printed email from Matthew Troy, U.S. Dept. Of Justice, to G. Drumm, consultant to North Hartland

28. Email printed, Dec. 22, 2004 from Richard Norman, Essex Hydro Associates, LLC, to John McCracken, RUS, with attached emails printed, six pages total

29. January 4, 2005, printed email letter, from John J. McCracken, RUS, to Richard Norman

30. January 10, 2005, printed email letter, from Robert L. Carey, Jr., to Hilda Legg, Administrator, RUS

VIRGINIA OFFICE:
803 GIBBON STREET
ALEXANDRIA, VA 22314-4118
703-548-8254

JOHN S. LOPATTO III
ATTORNEY AT LAW
1776 K STREET, NW: SUITE 200
WASHINGTON, D.C. 20006-2365
202-861-5800 / FAX 202-861-5802 / E-MAIL: JLOPATTO3@AOL.COM

ADMITTED TO PRACTICE:
DISTRICT OF COLUMBIA
VIRGINIA
MARYLAND
PENNSYLVANIA

March 21, 2007

Timothy P. McIlmail
Attorney, Commercial Lit. Civil
U.S. Dept. of Justice
1100 L St., N.W.
Mail Code: Classification Unit-8th Floor
Washington, D.C. 20540

By Fax to 202-514-7965 and U.S. Mail

Re: North Hartland LLC v. United States/RUS, 06-CV-0495
U.S. Court of Federal Claims

Dear Counsel:

I will be able to mail you the remaining documents with answers to interrogatories on March 26, 2007, conditional only on receiving the final position on confidentiality from Concord-Hydro, who acquired the purchase rights in the 1999 Asset Purchase Agreement.

All good wishes.

Sincerely,

J.S. Lopatto III

John S. Lopatto III
Attorney for Plaintiff



Mar-21-07 03:24P P.01

**U.S. Department of Justice**

Civil Division

DJ# 154-06-495
MAM:TPMcIlmail

Telephone: (202) 616-0342
Facsimile: (202) 514-7965

*Washington, D.C. 20530*

March 23, 2007

SENT VIA ELECTRONIC MAIL AND UNITED STATES MAIL

John S. Lopatto, III, Esq.
1725 Eye St., N.W.
Suite 300
Washington, D.C. 20006
JLopatto3@aol.com

Re: North Hartland, L.L.C. v. United States, No. 06-495C (Fed. Cl.)

Dear Mr. Lopatto:

Thank you for your March 21, 2007 letter. You indicate that, conditionally, you will mail answers to interrogatories and remaining documents to us on March 26, 2007. We expect you to arrange for us to receive that material, as well as separate, written responses to our requests for production of documents, by March 27, 2007. If we do not receive all that material by that date, we will, forthwith, file a motion to compel with the United States Court of Federal Claims.

Thank you for your prompt attention to this matter.

Very truly yours,

Timothy P. McIlmail
Trial Attorney
National Courts Section

CERTIFICATION

Pursuant to Rule 37(a)(2)(B) of the Rules of the United States Court of Federal Claims, defendant, the United States, certifies that, through counsel, it has in good faith conferred with plaintiff, North Hartland, L.L.C., to secure answers to Defendant's Interrogatories Nos. 1 and 2, written responses to Defendant's Requests For Productions Of Documents 1 through 6, and "Documents 21 and 22" without Court action, by telephone conferences with plaintiff's counsel conducted on February 9 and March 20, 2007, and by letters sent to plaintiff's counsel on February 20 and 28, 2007, and March 23, 2007.

Timothy P. McIlmail

TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice

Attorney for Defendant

March 28, 2007