IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTH HARTLAND, L.L.C., | ) | |
| Plaintiff, | ) | No. 06-495C |
| v. | ) | (Judge C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

INTRODUCTION

Defendant, the United States, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction. Plaintiff, North Hartland, LLC, a Virginia domestic limited liability company, invokes as the source of this Court's jurisdiction to entertain its breach of contract claims a contract to which it is not a party.

QUESTION PRESENTED

Whether the Court possesses jurisdiction to entertain plaintiff's breach of contract claims, where, in 2005, plaintiff sold the company that, purportedly, was the assignee of the party that was in privity with the United States.

STATEMENT OF FACTS

Plaintiff filed this action on June 30, 2006, invoking the Tucker Act, 28 U.S.C. § 1491(a)(1), and a December 16, 1999 Asset Purchase Agreement ("APA") as the source of this Court's

jurisdiction to entertain its claims that the Government breached the APA. Complaint ("Compl.") ¶¶ 2-3. On December 16, 1999, Contech Development Company ("CDC"), the United States Department of Agriculture Rural Utilities Service ("RUS"), and the Vermont Electric Generation & Transmission Cooperative, Inc. ("VEG&T") (acting through Gleb Glinka, the Chapter 7 Trustee of the VEG&T bankruptcy estate), entered into the APA for the purchase by CDC of a hydroelectric generating facility at North Hartland Lake, Vermont ("the North Hartland Project").[1] Appendix ("App.") 1-2.

On January 19, 2005, plaintiff and Concord Hydro Associates, LP ("Concord"), a New Hampshire limited partnership, entered into an "Agreement For The Purchase And Sale Vermont Generating, LLC Equity Interests" ("APS"), by which plaintiff, defined in the APS as "Seller" (App. 20, 22 ¶ (k)), agreed to sell "Vermont Generating, LLC" ("VGL") to Concord for $465,000. See App. 20, 23 ¶ 2. In the APS, plaintiff recited that VGL, or "the Company," was the assignee of CDC under the APA. App. 20. Plaintiff recited that VGL was originally "Pawtucket Generating Company, L.L.C.," was renamed "North Hartland, LLC," and, then, after dissolution by the New Hampshire Secretary of State in 2002, was reinstated by the Secretary as VGL, effective December 9, 2004. Id. Plaintiff represented and warranted that "[t]he only assets of the Company are intangible contract rights

---

[1] The APA is Plaintiff's Exhibit 1 to the complaint.

relating to the North Hartland project, including Seller's interest in the APA." App. 26 ¶ 4(f).

Plaintiff also recited that it was formed in Virginia on October 6, 2004, "to hold all of the equity interest in and to [VGL]" (App. 22 ¶ (k)), and that it was the owner of VGL. See App. 20. Plaintiff represented that it would prepare an "assignment of Interest, in the form attached as Exhibit A," by which it and CDC would "release, discharge, and assign to [Concord] all right, title or interest that either has in the Company or the APA." App. 25 ¶ 6 (emphasis added).

Plaintiff also represented and warranted that "[t]he APA is the entire agreement among RUS, VEGT, Glinka, and the Company with respect to the North Hartland Project." App. 27 ¶ 4(i) (emphasis added). Plaintiff represented and warranted that "[e]xcept as released, discharged, and assigned in Exhibit A attached, no individual or entity related to or affiliated with [plaintiff] or the Company has any claim to or interest in the Company, or the APA." Id. ¶ 4(g) (emphasis added). Finally, plaintiff represented and warranted that "[e]xcept as released, discharged, or assigned in Exhibit A attached, the Company is the sole entity holding the right to acquire the North Hartland Project, as set forth in the APA." Id. ¶ 4(h) (emphasis added).

On January 21, 2005, plaintiff sold VGL to Concord. See App. 36. In a "Seller's Certificate re Transfer of Limited

Liability Company Interests" that became Exhibit A to the APS, plaintiff certified that the Company had been sold to Concord, that "[h]enceforth" Concord "shall be responsible for the business operations of the Company," and that neither plaintiff "nor any entity, individual, or other party owned by, affiliated with, or related to [plaintiff] . . . has any remaining equity interest in the Company." See id. Concord purchased the North Hartland Project in 2005. Compl. ¶ 56.

## ARGUMENT

### I. The Court Should Dismiss This Action Because Plaintiff Is Not A Party To The Contract That It Invokes As The Source Of This Court's Jurisdiction To Entertain Its Breach Of Contract Claims

The Court should dismiss this action because plaintiff is not a party to the contract that it invokes as the source of this Court's jurisdiction to entertain its breach of contract claims. In ruling upon a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the Court accepts as true the undisputed allegations in the complaint, and draws all inferences in favor of the plaintiff. Lavezzo v. United States, 74 Fed. Cl. 502, 507 (Fed. Cl. 2006) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). To maintain a cause of action pursuant to the Tucker Act that is based upon a contract, the contract must be between the plaintiff and the Government. Ransom v. United States, 900 F.2d 242, 244 (Fed. Cir. 1990). A finding of privity between the plaintiff and the Government is a jurisdictional

prerequisite for a contract claim because the Government consents to be sued only by those with whom it has privity of contract. Cent. Transp. Int'l, Inc. v. United States, 63 Fed. Cl. 336, 338 (2004).

Here, plaintiff invokes the Tucker Act and the Asset Purchase Agreement ("APA") as the source of this Court's jurisdiction to entertain its breach of contract claims. Compl. ¶ 3. In 2005, however, in an agreement with Concord - the Agreement For The Purchase And Sale Vermont Generating, LLC Equity Interests" or "APS" - plaintiff represented and warranted that the APA was a contract "among RUS, VEGT, Glinka, and the Company." App. 27 ¶ 4(i). Plaintiff identified "the Company" as VGL. App. 20.

Although it represented that it owned VGL (id.), plaintiff represented and warranted that, except as set forth in Exhibit A to the APS, the Company (that is, VGL), was "the sole entity holding the right to acquire the North Hartland project, as set forth in the APA." App. 27 ¶ 4(h). Indeed, plaintiff represented and warranted that the Company's assets included plaintiff's "interest in the APA." App. 26 ¶ 4(f).

Plaintiff also represented and warranted that except as set forth in Exhibit A to the APS, "no individual or entity related to or affiliated with [plaintiff] or the Company has any claim to or interest in the Company, or the APA." Id. ¶ 4(g) (emphasis

added). Finally, in Exhibit A, plaintiff certified that the Company was sold to Concord (<u>see</u> App. 36 ¶ 1), and that neither plaintiff "nor any entity, individual, or other party owned by, affiliated with, or related to" plaintiff had "any remaining equity interest in the Company." <u>Id.</u> ¶ 2.

Plaintiff's 2005 representations, warranties, and certifications establish that, if it ever was a party to the APA, it has not been a party to that contract or held any interest in that contract since, at least, January 21, 2005 - more than a year before it filed this action - when it sold VGL ("the Company") and VGL's rights in the APA to Concord and disclaimed any interest in the APA. <u>See</u> App. 26 ¶ 4(f); App. 27 ¶¶ 4(g)-(i); App. 36. Because plaintiff is not a party to the APA, it cannot rely upon the APA to establish privity between it and the Government. Because plaintiff cannot rely upon the APA to establish privity, plaintiff fails to establish the jurisdictional prerequisite for its contract claims. Consequently, the Court should dismiss this action for lack of subject matter jurisdiction.

## <u>CONCLUSION</u>

For the foregoing reasons, we request that the Court dismiss this action for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
by s/Donald E. Kinner
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0342
Fax: (202) 514-7965

OF COUNSEL
HELEN HARRIS
Department of Agriculture

April 9, 2007

Attorneys for Defendant

Certificate of Filing

I hereby certify that on April 9,2007, a copy of the foregoing Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail