**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **NORTH HARTLAND, L.L.C.,** | **:** |
| **PLAINTIFF** | |
| | **: NO. 06-495C** |
| **V.** | |
| | **: Judge C. MILLER** |
| **UNITED STATES** | |
| **(RURAL UTILITIES SERVICE),** | |
| **DEFENDANT** | **:** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

The defendant's motion to compel responses to discovery requests should be denied because it is moot.[1] This defendant's motion was filed by government counsel a few days before two material submissions of discovery responses reached defendant's attorney. One of the production of documents was lost in defendant's Department of Justice mail room.

**Argument**

1. The relief sought by defendant United States is moot.

The defendant United States seeks an order that compels responses in three categories:

a. *Answering Interrogatories Nos. 1 and 2*. These interrogatories were answered in with plaintiff's limited liability company member's signature, on this day April 11, 2007.

[1]This opposition is filed today with the consent of defense counsel and after a call to chambers on April 6. Plaintiff's counsel was on travel and could not file his opposition on the compressed Court-ordered, response date of April 9, 2007.

This defendant itself required five months to answer a simple, breach-of-contract complaint. Any delay in plaintiff North Hartland LLC in answering the two Interrogatories was because they both sought confidential information vis a vis plaintiff North Hartland and a third party, the entity to whom North Hartland in 2005 assigned for consideration the purchase rights to the FERC Project 2816. This assignment was the subject of two documents between North Hartland and the third party ("Assignment Documents"); both of which documents made confidential the price–and all other details--for the 2005 assignment by North Hartland of its purchase rights for FERC Project 2816, It took several weeks of negotiation and drafting through Passover and the week before Easter with the assignee party to the confidentiality terms, to enter into a waiver of them. Only with this waiver of confidentiality could North Hartland release these documents to the government.

b. *Respond to Requests for Production of Documents Nos. 1 through 6 in a manner consistent with RCFC 34(b).*

Compliance with RCFC 34(b) and the timing of the delivery of all documents presently in plaintiff's accessible control are set forth in the Certificate of Plaintiff's RCFC 34(b)(I) Certification That Documents Produced in Response to Defendant's First Request for Production of Documents, Were Produced as They Are Kept in Usual Course of Business, filed this day with defendant and attached. The second set of documents were mailed to defendant on March 28, 2007 and should have been received by defense

counsel on or before the day of the United States filing its Motion to Compel on April 2, 2007. Defendant did not locate this March 28, 2007 mailing package with more than a hundred pages of documents, until April 5, 2007, which was one day after the April 4, 2007 hand delivery by plaintiff to the Department of Justice of the confidential Assignment Documents. Plaintiff in a April 4, 2007 cover letter explained to defendant that the Assignment Documents could not be produced until April 4, 2007 owing to another delay because of Passover of concluding the confidentiality waiver with the third-party, assignee. April 4, 2007 cover letter attached.

c. *Production of Documents 21 and 22.*

Immediately upon resolution of the confidentiality impasse, these documents were hand delivered to defense counsel on April 4, 2007 and were helpful enough to defense counsel that it filed a motion to dismiss on standing on April 10, 2007. Defendant can show no prejudice or hindrance of his defense by the timing of the plaintiff's discovery responses.

2. The Defendant Has Not Complied with RCFC 37(a)(2)(B) and Case Management Procedure No. 10 on Good Faith Attempt to Resolve the Matters in Dispute.

______The defendant United States cannot sustain its burden to resolve the discovery dispute by certified good faith, especially as to the price disclosure in the Assignment Documents. If any motion to compel should have been withdrawn, it is this one. This defendant knew that the assignment price and assignment documents were subject to a

third party confidentiality agreement that was being ironed out over the Passover and Easter holidays; that plaintiff had produced voluminous documents shortly before and after the motion to compel was filed; and the signed answers to interrogatories aimed at the assignment price, also turned entirely on the confidentiality impasse. Defendant United States did not even favor this Court with a supplemented or updated factual recitation of where discovery stood or admission that documents had been lost in the government mail room or in the U.S. Mail. This intentional misconduct and abusive persisting with a moot motion to compel, is exactly what the Certificate requirement in RCFC 37(a(2)(B) and Case Management Item 10 are designed to prevent. These rules were not complied by defendant with and further require denial of defendant's motion to compel.

Conclusion

______The defendant's motion to compel is outdated, factually incorrect, and was not supplemented to inform the Court of the true status of plaintiff's responses to discovery. Defendant abruptly declined plaintiff's invitation for defendant United States to withdraw its motion to compel. The relief sought in the motion has all been satisfied by plaintiff's recent discovery responses, which were reasonable given a confidentiality agreement with signatory third party to the Assignment Documents. Defendant United States cannot possibly be hindered by plaintiff taking extra time to resolve the confidentiality paradox North Hartland was in on the Assignment Documents. In fact, when defendant ultimately

obtained the assignment documents, it promptly used them, albeit improperly under RCFC 12(b)(6), to file a Motion to Dismiss attacking plaintiff's real party standing. The defendant's motion to compel is moot and must be denied. Each party should bear its own costs on this motion controversy.

Respectfully submitted,

/s/

John S. Lopatto III, Member Bar
1725 Eye St., N.W., Suite 300
Washington, D.C. 20006
202-861-5800
Attorney for Plaintiff

Service by ECF April 11, 2007

Attachments

1. Certificate of RCFC 34(b) Production of Documents Kept in Usual Course of Business;

2. March 28, 2007 letter from Plaintiff's counsel to Defendant Counsel McIlmail;

3. April 4, 2007 letter from Plaintiff's counsel to Defendant's Counsel McIlmail;

4. April 11, 2007 letter from Plaintiff's counsel to Defendant's Counsel McIlmail, with signed Answers to Interrogatories Nos. 1 and 2.

**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **NORTH HARTLAND, L.L.C.,** | **:** |
| **PLAINTIFF** | |
| | **: NO. 06-495C** |
| **V.** | |
| | **: Judge C. MILLER** |
| **UNITED STATES** | |
| **(RURAL UTILITIES SERVICE),** | |
| **DEFENDANT** | **:** |

**PLAINTIFF'S RCFC 34(B) CERTIFICATION THAT DOCUMENTS PRODUCED IN RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, WERE PRODUCED AS THEY ARE KEPT IN USUAL COURSE OF BUSINESS**

The plaintiff has submitted three sets of documents to defendant in response to the its Requests for Production of Documents:

1. February 23, 2007: mailing of 28 numbered sets of documents, with two documents, Nos. 21 and 22, withheld because of confidentiality terms with a third party signatory to these two documents.

2. March 28, 2007: mailing of 365 pages of printed emails identified as responsive to Def. Request for Production No. 3.

3. April 4, 2007: Hand delivery to defendant of Doc. 21, Jan. 3, 2005 90 Day Exclusivity Agreement for assignment for consideration of purchase rights of FERC Project P-2816; and Doc. 22, Jan. 19, 2005 Agreement for Sale between plaintiff and assignee. Produced at this date immediately after a waiver of confidentiality was

negotiated with third party signatory of both documents.

The documents produced as noted in Paragraphs 1 and 3, supra, were maintained in the normal course of business by plaintiff and copied for production in his litigation. Exhibits labels and numbers were added by plaintiff's counsel.

4. With respect to Defendant's Request for Production Nos. 4 and 5, plaintiff produced a Fed. R. Evid. 1006 Summary of plaintiff's itemized costs and fees expended for the defendant seller's benefit in seeking to close on the asset sale. The underlying documents are in storage and require additional research time. A key member of plaintiff's limited liability company recently returned from employment on the West Coast and could not undertake the research time to locate these documents until recently. For these discovery requests only, plaintiff requests a 30 day extension of time. This extension will not prejudice the defendant's case on standing or liability issues.

Respectfully submitted,

/s/

John S. Lopatto III
1725 Eye St., N.W., Suite 300
Washington, D.C. 20006
202-861-5800
Fax: 202-861-5801
Attorney for Plaintiff North Hartland LLC

April 11, 2007