IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NORTH HARTLAND, L.L.C.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 06-495C

(Judge C. Miller)

# DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

## INTRODUCTION

Defendant, the United States, respectfully replies to the opposition of plaintiff, North Hartland, LLC, a Virginia domestic limited liability company,[1] to our motion to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). In our motion, we demonstrated that, at least since January 21, 2005, plaintiff has not been a party to, or held any interest in, the contract that it invokes as the source of this Court's jurisdiction to entertain this action. Plaintiff does not effectively counter that demonstration. Therefore, the Court should dismiss this action for lack of jurisdiction.

[1] Because two other entities that figure in this case are also known as "North Hartland, LLC," we refer to plaintiff as "plaintiff" instead of "North Hartland."

ARGUMENT

## I. The Government's Motion To Dismiss Is Properly Before The Court Because It Challenges Plaintiff's Alleged Privity Of Contract With The Government

The Government's motion to dismiss this action is properly before the Court because it challenges plaintiff's alleged privity of contract with the Government. Plaintiff argues that ours is not a jurisdictional motion because it "goes well beyond the pleadings." In reviewing a motion to dismiss for lack of subject matter jurisdiction, a court normally considers the facts alleged in the complaint to be true and correct. Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). However, if a motion to dismiss for lack of subject matter jurisdiction challenges the truth of the jurisdictional facts alleged in the complaint, a court may consider relevant evidence in order to resolve the factual dispute. See id.[2] A challenge to a claimant's contract privity is properly raised by an RCFC 12(b)(1) challenge to subject matter jurisdiction. AG Route Seven P'ship v. United States, 57 Fed. Cl. 521, 526-27, aff'd,

---

[2] Plaintiff does not cite to Spruill v. Merit Systems Protection Board, 978 F.2d 679, 687-89 (Fed. Cir. 1992), in support of the approach that where "the outcome turns on a state of facts that cannot be known until after the [court] has . . . decided them," a court should take jurisdiction and decide the merits. To the extent, however, that there is any conflict between Spruill and Reynolds, Reynolds, the earlier precedent, controls. See Johnston v. IVAC Corp., 885 F.2d 1574, 1579 (Fed. Cir. 1989).

78 Fed. Appx. 103 (Fed. Cir. Sept. 16, 2003) (unpublished table decision); see Maniere v. United States, 31 Fed. Cl. 410, 413-16 & n.3 (1994).

Once the facts alleging jurisdiction are challenged, a non-movant may not rest upon mere allegations.[3] AG Route Seven P'ship, 57 Fed. Cl. at 527. Instead, the non-moving party must present additional facts or other evidence outside of the pleadings to prove the Court's subject matter jurisdiction by a preponderance of the evidence. Id. Moreover, upon a motion to dismiss, the Court may find facts necessary to satisfy itself of the proper exercise of jurisdiction. Id. Because our motion to dismiss challenges whether plaintiff is in privity with the Government pursuant to the contract that it alleges establishes this Court's jurisdiction, that motion is proper. Plaintiff, therefore, may not rest upon its allegations, including those set forth in ¶¶ 58-60 of its complaint, to establish this Court's jurisdiction to entertain this action.

## II. The Court Should Dismiss This Action Because Plaintiff Does Not Demonstrate That It Is In Privity With The Government

The Court should dismiss this action because plaintiff does not demonstrate that it is in privity with the Government.

---

[3] For this reason, the Court should reject plaintiff's implication (Plaintiff's Opposition To Defendant United States' Motion To Dismiss/Alternative Summary Judgment Motion On Privity Standing And Real Party Capacity ("Pl. Opp.") at 1) that resolution of our motion to dismiss must await further discovery.

Plaintiff invokes, as the source of this Court's jurisdiction, the 1999 Asset Purchase Agreement ("APA") between Contech Development Company ("CDC"), the United States Department of Agriculture Rural Utilities Service ("RUS"), and the Vermont Electric Generation & Transmission Cooperative, Inc., for the purchase by CDC of a hydroelectric generating facility at North Hartland Lake, Vermont ("the North Hartland Project"). Complaint ¶ 3. However, plaintiff does not dispute that, in an Agreement For The Purchase And Sale Vermont Generating, LLC Equity Interests ("APS") with Concord Hydro Associates, LP ("Concord"), that was finalized on January 21, 2005, it sold what it recited was CDC's assignee, "Vermont Generating, LLC" ("VGL"), to Concord for $465,000. See App. 20, 23 ¶ 2, 36.

Plaintiff also does not dispute that, in the APS, it (1) represented that it would prepare an "Exhibit A," by which it would "release, discharge, and assign to [Concord] all right, title or interest that [plaintiff] has in . . . the APA" (App. 25 ¶ 6); (2) represented and warranted that "[e]xcept as released, discharged or assigned in Exhibit A attached, [VGL] is the sole entity holding the right to acquire the North Hartland Project, as set forth in the APA" (App. 27 ¶ 4(h)); (3) represented and warranted that, except as set forth in Exhibit A, "no individual or entity related to or affiliated with [plaintiff] . . . has any claim to or interest in . . . the APA" (id. ¶ 4(g)); and

(4) certified in Exhibit A that "[n]either [plaintiff] . . . nor any entity, individual, or other party owned by, affiliated with, or related to [plaintiff] . . . has any remaining equity interest in [VGL]." App. 36 ¶ 2.

Despite those disclaimers of any interest in VGL or the APA, plaintiff relies upon ¶ 13 of the APS for its argument that it reserved a right to sue the Government for breach of the APA. Where contract language is unambiguous on its face, the plain language of the contract controls. Hunt Constr. Group, Inc. v. United States, 281 F.3d 1369, 1373 (Fed. Cir. 2002). Paragraph 13 of the APS provides:

> Non-Interference
> The Seller [plaintiff] (including its owners, management member, family members, related and affiliated entities) and RUS have agreed to provide each other mutual concessions and mutual releases of liability. In the likely event RUS chooses to again require these mutual concessions from the Seller as a condition precedent to Closing under the APA, then this matter is exclusively reserved to be between the Seller and RUS, excluded from this Agreement [the APS], and all such consideration, if any, to be paid or caused to be paid by RUS is to the sole and exclusive benefit of the Seller. The Seller agrees not to pursue any claims against the RUS until after the closing under the APA.

App. 32-33 ¶ 13 (emphasis and bracketed material added).

Paragraph 13 does not establish that plaintiff has been in privity with the United States since the execution of the APS in January 2005. First, plaintiff does not demonstrate, or even argue, that RUS continued to require concessions and releases of liability from plaintiff at any time after the execution of the

APS in January 2005; therefore, it fails to establish that whatever claim it reserved pursuant to ¶ 13 actually arose. The March 30, 2005 Release And Satisfaction Of Leans that plaintiff attaches to its opposition is not evidence that RUS continued to require concessions and releases of liability from plaintiff at any time after the execution of the APS in January 2005; that document is a release and discharge of the Government's rights and interests in the North Hartland Project.

Second, ¶ 13 does not reserve to plaintiff any right or interest in the APA itself. VGL was "the sole entity holding the right to acquire the North Hartland Project, as set forth in the APA" (App. 27 ¶ 4(h)), and, pursuant to the APS, plaintiff sold VGL to Concord and disclaimed "any claim to or interest in . . . the APA." Id. ¶ 4(g); see App. 36 ¶ 1. The plain language of ¶ 13 establishes that the "matter" that is the subject of the ¶ 13 reservation is "excluded from" the APS. App. 32-33 ¶ 13. Moreover, that matter is of "mutual concessions and mutual releases of liability" between plaintiff and RUS that RUS might continue to require "as a condition precedent to Closing," by Concord, "under the APA." See App. 32-33 ¶ 13. Therefore, ¶ 13 reserved to plaintiff only the right to pursue a claim against the Government that would arise from the Government's continuing to require concessions and releases of liability from plaintiff as a condition precedent to Concord's closing upon the sale of

the North Hartland Project pursuant to the APA; it does not reserve to plaintiff the right to sue the Government for breach of the APA.

The privity-of-contract cases relied upon by plaintiff are inapposite. Home Savings of America v. United States, 399 F.3d 1341, 1348-50 (Fed. Cir. 2005), and Centex Corp. v. United States, 52 Fed. Cl. 599, 603 (Fed. Cl. 2002), involved whether a plaintiff had ever been in privity with the Government; this case presents the question whether a party can claim to be in privity of contract with the Government after having transacted away any interest it may have had in the contract. Entergy Nuclear Indian Point 2, LLC v. United States, 64 Fed. Cl. 515, 522-23 (2005), involved whether a purchaser of nuclear power facilities was in privity with the Government; this case involves whether a seller of an entity with rights to purchase a hydroelectric facility possesses privity of contract with the Government pursuant to the agreement to purchase that facility.

## CONCLUSION

Plaintiff does not prove that it continues to be a party to the APA despite having sold any interests it may have possessed in the APA to Concord in January 2005. Therefore, it cannot rely upon the APA to establish privity between it and the Government. Because plaintiff cannot rely upon the APA to establish privity, plaintiff fails to establish the jurisdictional prerequisite for

its claims that the Government has breached the APA. Consequently, for these and the reasons set forth in our motion, the Court should dismiss this action for lack of subject matter jurisdiction.[4]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

---

[4] The Court should disregard plaintiff's statements (Pl. Opp. at 1, 9) that summary judgment is appropriate for plaintiff upon the issue of privity and standing because plaintiff does not comply with the procedural requirements for a motion for summary judgment set forth in RCFC 56(h). If the Court regards plaintiff's statements to constitute a proper request for summary judgment, the Court should deny that request for the reasons set forth in our motion to dismiss and in this reply.

OF COUNSEL
HELEN HARRIS
Department of Agriculture

May 24, 2007

Attorneys for Defendant

Certificate of Filing

I hereby certify that on May 24, 2007, a copy of the foregoing Defendant's Reply To Plaintiff's Opposition To Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail